Gregory A. FIGEL, Plaintiff–Appellant,

v.

Barbara BOUCHARD, et al., Defendants–Appellees.

No. 03–1567.

United States Court of Appeals, Sixth Circuit.

Feb. 18, 2004.

Gregory A. Figel, pro se, Munising, MI, for Plaintiff–Appellant.

Before SUHRHEINRICH, CLAY, and SUTTON, Circuit Judges.

### ORDER

Gregory A. Figel appeals a district court judgment that dismissed without prejudice his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Figel filed his civil rights complaint in the district court alleging that the defendant Michigan prison officials held him in a cell with inadequate heating and ventilation. The district court dismissed plaintiff's complaint without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff filed a timely Fed.R.Civ.P. 59(e) motion as well as a notice of appeal. The district court denied plaintiff's Fed. R.Civ.P. 59(e) motion. On appeal, plaintiff contends that the district court improperly: (1) dismissed his complaint for failure to totally exhaust administrative remedies; (2) assessed a "strike" against him under the "three strikes" provision of the Prison Litigation Reform Act; (3) denied his motion for injunctive relief as moot; and (4) failed to address his Fed.R.Civ.P. 59(e) motion.

Upon de novo review, *see Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997), we vacate the district court's judgment because the record reflects that plaintiff's complaints involving the heat and ventilation in his cell were non-grievable under prison policy because they involve a significant number of prisoners. The prison grievance coordinator advised plaintiff that his complaints would be rejected as a "group issue." In response to plaintiff's letter of complaint to the warden about his complaints, the deputy warden sent plaintiff a form letter in which he did not indicate that the matter should be grieved. Finally, an unrelated grievance plaintiff filed concerning ventilation in his cell was rejected as non-grievable. Although the record reflects that plaintiff filed grievances that were apparently accepted in error, plaintiff nonetheless cannot be required to exhaust administrative remedies regarding non-grievable issues. Accordingly, plaintiff's complaint was not subject to dismissal for failure to exhaust administrative remedies.

In light of this court's ruling, plaintiff should not be assessed a "strike" against him under the "three strikes" provision of the Prison Litigation Reform Act. Plaintiff should renew his motion for injunctive relief in the district court if that relief is appropriate. Finally, this court need not address plaintiff's claim that the district court failed to address his Fed.R.Civ.P. 59(e) motion.

For the foregoing reasons, the district court's judgment is vacated, and the case is remanded to the district court for further proceedings. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.